UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRAD LIEBERMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 1:18 CV 5516 |
| ) | Hon. Marvin E. Aspen |
| GREGORY SCOTT, Program Director, ) | |
| Rushville Treatment and Detention ) | |
| Facility, Illinois Department of Human ) | |
| Services, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINON AND ORDER

MARVIN E. ASPEN, District Judge:

Before us is Petitioner Brad Lieberman's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d) and Respondent Gregory Scott's motion to dismiss for lack of jurisdiction. (Pet. (Dkt. No. 1); Mot. (Dkt. No. 6).) For the reasons set forth below, we grant Respondent's motion and dismiss Lieberman's petition for lack of jurisdiction.

## BACKGROUND

The following facts and procedural history are taken from the decision of the Illinois Appellate Court, *People v. Lieberman*, 2017 IL App (1st) 150494–U, *appeal denied*, 89 N.E.3d 760 (table) (Ill. 2017).[1] A jury in Cook County, Illinois found Petitioner guilty of rape on September 22, 1980. *Id.* ¶ 4. On October 3, 1980, in a separate case pending in Lake

---

[1] We rely on the Appellate Court as the last state court to consider Petitioner's present claims on the merits. *Boyd v. Boughton*, 798 F.3d 490, 492 (7th Cir. 2015); *McFowler v. Jaimet*, 349 F.3d 436, 446 (7th Cir. 2003). The facts taken from the state court decision are presumed to be correct unless Petitioner meets his "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

County, Illinois, Petitioner was found guilty of rape, robbery, and intimidation. *Id.* ¶ 5. Thereafter, Petitioner was sentenced on the Cook County verdict. *Id.* Although the maximum sentence of Petitioner's rape conviction was thirty years' imprisonment, the trial court used the Lake County guilty verdict to justify imposing an extended fifty-year sentence pursuant to Illinois law that allowed such a sentence if the convicted person was "previously convicted" of a similar felony in the preceding ten years. *Id.* (citing 730 ILCS 5/5-5-3.2(b)).

On direct appeal, the Illinois Appellate Court vacated Petitioner's extended-term Cook County sentence and remanded to the trial court for resentencing. *Id.* ¶ 6. The appellate court reasoned that as Petitioner had not yet been sentenced in the Lake County case, there was not yet a "conviction" in that case, and the Cook County court improperly considered the Lake County case in imposing an extended-term sentence. *Id.*; *see also People v. Lieberman*, 107 Ill. App. 3d 949, 959, 438 N.E.2d 516, 524 (1st. Dist. 1982) (vacating Petitioner's Cook County sentence).

By the time of the Cook County resentencing hearing on January 6, 1983, Petitioner had been sentenced to thirty years' imprisonment in the Lake County case. *Lieberman*, 2017 IL App (1st) 150494–U ¶ 7. Based on that conviction, the Cook County court again imposed an extended-term sentence, this time for forty years, to run concurrent with Petitioner's Lake County sentence. *Id.* Petitioner did not appeal the forty-year extended term sentence. *Id.*

On January 6, 2000, three days before Petitioner was scheduled to be released from prison, the State of Illinois filed to have Petitioner involuntarily civilly committed pursuant to Illinois' Sexually Violent Persons Commitment Act ("SVPCA"), 725 ILCS 207/1 *et seq*. *Id.* ¶ 8. Since that time, Petitioner has remained in the custody of the Illinois Department of Human Services as a sexually violent person. *Id.*

Petitioner subsequently attempted three times to challenge the forty-year extended-term Cook County sentence in Illinois state courts under the same legal argument. *Id.* ¶¶ 11–14. First, in January 2003, Petitioner filed a *pro se* postconviction petition for release from custody. *Id.* ¶ 11. "The circuit court found that postconviction relief was unavailable because defendant had fully served his prison sentence, including his three-year term of mandatory supervised release, and dismissed his petition." *Id.* The state appellate court affirmed, observing that Petitioner did not qualify for postconviction relief where he had completed serving his criminal conviction and his continued detention as a sexually violent person was civil in nature. *Id.* Second, in June 2011, Petitioner filed a *pro se* state petition for habeas corpus, which the trial court denied as *res judicata*, and which the appellate court affirmed. *Id.* ¶¶ 12–13.

Third, on September 9, 2014, Petitioner, through counsel, filed an "'Arna' Motion for Emergency Correction of Void Extended Term Sentence and Order Nunc Pro Tunc," seeking to correct a "void, illegal and excessive extended term of imprisonment." *Id.* ¶ 14. The circuit court denied Petitioner's motion as *res judicata*. *Id.* ¶ 20. The Illinois Appellate Court affirmed the lower court's denial, *id.* ¶ 36, and the Illinois Supreme Court denied a petition for leave to appeal. *People v. Lieberman*, 89 N.E.3d 760 (table), 417 Ill. Dec. 841 (Ill. 2017). This last appellate decision forms the basis for the present habeas petition. (Pet. at 4.)

## II. THE PRESENT PETITION

We construe Petitioner's *pro se* petition liberally. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) ("A trial court is obligated to liberally construe a *pro se* plaintiff's pleadings." (citing *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); *Kelley v. Zoeller*, 800 F.3d 318, 325 (7th Cir. 2015); *Nichols v. Mich. City Plant Planning Dept.*, 755 F.3d 594, 600 (7th Cir. 2014)). Petitioner seeks habeas review on the

ground that he was sentenced to an illegal extended-term sentence. (Pet. at 5 (stating "petitioner was sentenced to an illegal extended term sentence" as sole ground for relief).) Petitioner recounts the history recited above involving his sentencing and resentencing on the Cook County rape conviction and restates his arguments from state court that his extended-term sentence is illegal. (*Id.* at 5–6.) Petitioner claims that the extended-term sentence violates the Due Process Clause of the Fourteenth Amendment. (*Id.* at 6.) Petitioner now challenges his sentence because had he been given a thirty-year instead of an extended forty-year sentence, he would have been released in 1995 (assuming day-for-day credit under Illinois law), before the January 1, 1998 effective date of the SVPCA under which he is currently confined. (*Id.* at 5–6.) *See* 725 ILCS 207/99.

## ANALYSIS

Respondent advances two arguments to dismiss Petitioner's habeas application for lack of jurisdiction. (Mot. at 2–3.) First, Respondent argues we lack jurisdiction because Petitioner has already sought habeas relief in federal court and did not seek prior authorization from the federal appellate court to file a successive petition. (*Id.*) Second, Respondent argues we lack jurisdiction because Petitioner is no longer in custody pursuant to the conviction he wishes to challenge. (*Id.* at 3.) Because we conclude that Petitioner's habeas application is a "second or successive" petition that the court of appeals did not authorize, we address only Respondent's first argument.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Petitioner's habeas application. *See* 28 U.S.C. §§ 2244, 2254. AEDPA sets stringent procedural limits on attempts to seek federal habeas review of a state court conviction more than once: "Before a second or successive application permitted by this section is filed in the district court,

the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). Without prior approval from the court of appeals, the district court is without jurisdiction to hear a "second or successive" habeas petition. *Burton v. Stewart*, 549 U.S. 147, 149, 127 S. Ct. 793, 794 (2007) (failure to "comply with the gatekeeping requirements of 28 U.S.C. § 2244(b) . . . deprive[s] the District Court of jurisdiction to hear" successive habeas claims); *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999), *op. supplemented on denial of reh'g*, 179 F.3d 1024 (7th Cir. 1999) ("Section 2244(b)(3)(A) 'is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing.'" (quoting *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)).)

In *Burton v. Stewart*, the United States Supreme Court ruled that the district court lacked jurisdiction to entertain a successive habeas petition where the petitioner had not obtained authorization from the appellate court to file it. 549 U.S. at 149, 127 S. Ct. at 794. Burton was convicted in 1994 on state charges and, after a series of sentencings and remands, was finally sentenced on March 16, 1998 to 562 months' custody. *Id.* at 151, 127 S. Ct. at 795. Burton's first habeas petition, filed in December 1998, challenged only the constitutionality of his 1994 conviction. *Id.* at 151, 127 S. Ct. at 795. His second petition, filed in 2002, challenged only the constitutionality of his 1998 sentence. *Id.* at 152, 127 S. Ct. at 796. In finding Burton's second filing an unauthorized "second or successive" petition under AEDPA, the Court reasoned:

> When Burton filed his first petition, the 1998 petition, he was being held in custody pursuant to the 1998 judgment, which had been entered some nine months earlier. When he filed his second petition, the 2002 petition, he was still being held in custody pursuant to the same 1998 judgment. In short, Burton twice brought claims contesting the same custody imposed by the same judgment of a state court.

*Id.* at 153, 127 S. Ct. at 796.

Respondent argues we have no power to hear Petitioner's instant claim because this is his second habeas petition challenging his state-court criminal sentence and Petitioner did not first obtain leave from the Seventh Circuit to file a successive claim. (Mot. at 2–3.) Respondent bases his argument on *Lieberman v. Washington*, 128 F.3d 1085 (7th Cir. 1997), which considered and rejected a previous habeas petition filed by Petitioner. (*See* Mot. at 1.) The Seventh Circuit recounted that Petitioner filed *pro se* habeas corpus petitions with the federal district court in 1993 challenging both his Cook County and Lake County convictions after he had exhausted his state postconviction remedies. *Id.* at 1087. The district court consolidated the two petitions and "concluded that, in light of the overwhelming evidence supporting both the Cook County conviction and the Lake County convictions, Lieberman was not entitled to a writ of habeas corpus in either case." *Id.* at 1088. The Seventh Circuit affirmed. *Id.* at 1098.

A review of Petitioner's previous habeas case confirms that *Burton*'s circumstances are present here. Per *Burton*, Petitioner's two habeas petitions seek to challenge the same judgment of the same court. 549 U.S. at 153, 127 S. Ct. at 796. When Petitioner filed his first habeas petition in 1993, he had been in custody pursuant to his 1983 Cook County sentence for ten years. *Lieberman*, 128 F.3d at 1087 (stating Petitioner filed *pro se* habeas petitions in 1993). Petitioner did not then advance, and the appeals court did not consider, the argument presently before us that Petitioner's 1983 extended-term Cook County sentence was illegal. Petitioner now challenges that sentence. (*See* Pet. at 1 (stating Petitioner was re-sentenced to forty-year

6

extended term on January 6, 1983); *id.* at 5 (same).) *Burton* held that successive petitions that first attack a conviction and later challenge the sentence emanating from that conviction are aimed at the "same judgment," and the latter petition is therefore barred without prior authorization under Section 2244(b)(3)(A). 549 U.S. at 153, 127 S. Ct. at 796; *see also Magwood v. Patterson*, 561 U.S. 320, 339, 130 S. Ct. 2788, 2801 (2010) ("Although the petitioner [in *Burton*] had styled his first petition as a challenge to the 1994 conviction and his second petition as a challenge to the 1998 sentence, we concluded that both attacked the same 'judgment' because the 1998 sentence was already in place when the petitioner filed his first application for federal habeas relief."); *Benton v. Washington*, 106 F.3d 162, 163–64 (7th Cir. 1996) (reasoning that if petitioner's pre-AEDPA habeas application had been properly filed, his second post-AEDPA habeas application would render him "out of court" under Section 2244(b)); *Nuñez*, 96 F.3d at 991 (district court had "no option other than to deny" successive habeas petition filed post-AEDPA that had not been authorized by appellate court). So here too, we conclude that Petitioner's habeas petition is a "second or successive" petition under Section 2244(b).

Petitioner does not argue that he has obtained Seventh Circuit authorization to file his petition. Instead Petitioner contends, quoting *Walker v. Roth*, 133 F.3d 454 (7th Cir. 1997), that "a second habeas petition attacking for the first time the constitutionality of a newly imposed sentence is not a second or successive petition within the meaning of § 2244." (Resp. (Dkt. No. 9) at 9.) *Walker* is distinguishable. In that case, Walker's first habeas petition challenged his state conviction. 133 F.3d at 454. His petition was successful, and his case was sent back to the state court for resentencing. *Id.* Walker's second petition attacked only aspects of that resentencing. *Id.* at 455. "None of [Walker's] new claims were raised in his first petition,

7

*nor could they have been*; Walker is attempting to challenge the constitutionality of a proceeding which *obviously occurred after he filed, and obtained relief, in his first habeas petition*." *Id.* (emphasis added). Unlike Walker, Petitioner is not challenging a proceeding which occurred after he filed his initial habeas petition. Indeed, had he exhausted his claims, Petitioner could have challenged his 1993 extended-term sentence in his initial habeas application.

This leads to Petitioner's other argument. He contends that he could not have made the present claim in his initial habeas application because it was not "ripe for Federal review until the Illinois Supreme Court denied the Petition for Leave to Appeal from the Illinois Appellate Court." (Resp. at 9–10.) But the Supreme Court has rejected this argument. *Burton*, 549 U.S. at 154, 127 S. Ct. at 797 ("There is no basis in our cases for supposing . . . that a petitioner with unexhausted claims who . . . elects to proceed to adjudication of his exhausted claims [] may later assert that a subsequent petition is not 'second or successive' precisely because his new claims were unexhausted at the time he filed his first petition."). When Petitioner filed his original habeas application, he had both exhausted claims (challenging his convictions) and unexhausted claims (challenging his extended-term sentence). He cannot now argue that his second application is not "second and successive" only because he failed to exhaust all claims when he brought his first petition.

## CONCLUSION

Because we conclude that Petitioner's habeas application is a "second or successive" petition under 28 U.S.C. § 2244, and Petitioner has not obtained "an order authorizing the district court to consider the application" from the court of appeals, *id.* § 2244(b)(3)(A), we hereby grant

8

Respondent's motion to dismiss Petitioner's habeas application for lack of jurisdiction. It is so ordered.

                                               _____
                                               Honorable Marvin E. Aspen
                                               United States District Judge

Dated: May 7, 2019
         Chicago, Illinois